371 So.2d 528 (1979)
Judith H. BURDACK, Appellant,
v.
Friedrich W. BURDACK, Appellee.
No. 77-259.
District Court of Appeal of Florida, Second District.
May 25, 1979.
Robert W. Morrison, Tampa, for appellant.
Britt Whitaker, Tampa, for appellee.
DANAHY, Judge.
On this appeal we reverse that part of a postjudgment order which modified and reduced the amount of previously agreed upon and ordered child support payments. The issue is whether there was sufficient evidence of a substantial and permanent reduction in the husband's ability to pay to support the reduction. We find there was not.
The 1974 final judgment which dissolved the marriage of the parties required the husband to pay the wife $90 per week as child support for their three year old son. Later the parties stipulated to a reduction to $75 per week and on March 20, 1975 the trial court entered an order modifying the judgment to conform to that agreement. The pleadings giving rise to this appeal commenced in August 1976 when the wife moved the court to hold the husband in contempt for his failure to make those payments which she alleged were in arrears. The husband replied and petitioned for forgiveness of the arrearages and for further reduction in child support payments. After a hearing the trial court entered the order of January 13, 1977 which we have for *529 review. The order modified the order of March 20, 1975 by reducing the payment to $60 per week. The trial court also found arrearages in the amount of $1,064 and required the husband to pay an additional $25 per week until that sum was satisfied. Thus his total weekly payment was to be $85. The immediate net effect on the husband was an increase of his total weekly outlay for child support by $10 over the amount set in the previous court order until satisfaction of the arrearage. We cannot say the record shows error in the trial court's conclusion that the husband had the present ability to pay that slightly increased amount to catch up on the past due installments which had become vested property rights. We do find, however, that it was an abuse of discretion to reduce the permanent payments from $75 to $60 per week. Because we do not disturb the finding of the trial court as to the total amount the husband can now pay, we reallocate the amount to be applied to the arrearage in the decision portion of this opinion.
The evidence at the hearing held January 10, 1977 revealed the following circumstances. Since the order of March 20, 1975 requiring the weekly payments of $75, the needs of the child have not decreased. The wife, who has a nondisabling health problem, is, and has been since before the dissolution of marriage, a school teacher. If the trial court were to consider any relevant change in her financial condition it must, of course, begin with her financial circumstances on March 20, 1975 when the parties agreed to, and the court ordered, the weekly amount of $75. It is clear from the record that the modest annual increases in her contract salary for the years 1975, 1976 and 1977 do not constitute a substantial change in her financial circumstances since the order of March 20, 1975.
The husband, who also has a nondisabling health problem, is a union member who has been employed for a number of years with Anheuser Busch, Inc. While the record does not reveal his net income, his gross income for 1975 was $18,436 when he earned between $6.55 and $7.00 per hour, and $12,240 in 1976 when he earned $7.00 per hour before a strike by his union, and $7.69 per hour since then. The reduction in his 1976 income was totally attributable to the fact that his union was on strike for fourteen weeks during the spring of that year. His hourly rate of pay was further scheduled to rise to $8.29 a short time after the hearing. The trial court opined that with his poststrike raises the husband's 1977 income would probably actually increase over 1976. The court also stated that because of the loss of income during the strike in 1976, the husband had shown "some change in circumstances."
It is the husband's contention, supported by the trial court and disputed by the wife, that his lack of income during the strike resulted in a substantial change in his circumstances which supports the order reducing child support payments.
The husband's petition for modification of the child support order which adopted the agreement of the parties is authorized by Section 61.14(1), Florida Statutes (1977). A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances, of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This change in circumstances must be significant, material, involuntary and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). The party seeking modification has the burden of showing this change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978). And where, as here, the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required. Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973).
The husband in the case at bar has not carried this heavy burden. It may be that the trial court could have relieved him of some of the arrearages if it found them to be attributable to some extraordinary *530 and compelling circumstances.[1] The trial court made no such determination, however, and instead found the husband had the present ability to pay an additional amount per week to satisfy the arrearages. As we have said, that portion of the order actually results in a $10 per week increase over the amount of the 1975 order, but finding no clear abuse of discretion as to the finding of the total amount the husband is able to pay weekly, we do not disturb that determination by the trial court.
Addressing next the reduction in weekly child support from $75 to $60 per week, we find that the financial setback occasioned by the strike was of a temporary nature and in no way permanent. In addition the trial court specifically found no substantial change of circumstances resulting from the strike, but rather he stated he felt there had been "some" change in circumstances. "Some" change does not meet the more stringent requirement that there be a "substantial" change of circumstances before the amount of child support can be decreased. Because this is so, we find the trial court abused its discretion when it ordered the weekly child support payments lowered.
That portion of the order modifying child support payments by reducing them from $75 to $60 is vacated.
We affirm the determination of the amount of arrearages by the trial court. We adhere to the trial court's intent and finding that the husband is capable of paying a total of $85 per week including an amount toward arrearages, and we reallocate that sum as follows: $75 per week as child support and $10 per week to the arrearages until satisfied.
Reversed and remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J. and SCHEB, J., concur.
NOTES
[1] See Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974), and cases cited therein. We note the general rule, however, that in Florida unpaid child support payments constitute a vested right not subject to modification, absent some extraordinary and compelling circumstances. Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971).