418 So.2d 477 (1982)
James L. SHELLMYER, Appellant/Cross-Appellee,
v.
Jane Seabolt SHELLMYER, Appellee/Cross-Appellant.
No. 81-2218.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellant/cross-appellee.
Robert A. D'Angio, Jr., of Haines and D'Angio, Chartered, North Palm Beach, for appellee/cross-appellant.
LETTS, Chief Judge.
Before us is an appeal from a trial court ruling, restoring child support to comply with the provisions of the original final judgment of dissolution and setting aside a later out-of-court modification entered into by the divorced parents. We reverse.
The original final judgment of dissolution provided for monthly child support payments. Notwithstanding, the divorced parents subsequently entered into an out-of-court lump sum settlement. In lieu of past and future periodic child support, the father conveyed his equity interest in the former marital residence to the mother.[1]
At a later date, the mother returned to court claiming that the law forbade the provision in the out-of-court agreement concerning child support because the basic right of a minor child to support cannot be affected by an agreement between the parties. Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). See also Gammon v. Cobb, 335 So.2d 261 (Fla. 1976).
We have no trouble agreeing with her claim and the supporting case law under *478 the facts of this case[2] although it would appear that in such event the parties should be returned to the original status quo. In fact, such a return to their original positions was contemplated here. We are of the opinion that the lawyers stipulated that the husband should receive a credit for his remaining equity in the marital residence which he had previously renounced, in return for resumption of the child support from the date of its cessation.
Notwithstanding the stipulation, the trial court did not give the father any credit for his interest in the marital residence, and marched off to a different drummer of its own. For this we do not blame it, for there was much confusion in the record as to who said what to whom. However, upon examination of the transcript, which the trial judge did not have the benefit of, we find that both sides agreed to arrearages totaling $2,677.44. We hereby remand this cause for entry of a judgment in that sum which will replace and be instead of the trial court's chosen figure of $7,920.00 which latter allowed no credit for the remaining interest in the former marital residence.
Another issue on appeal is that the trial court erred in awarding a prospective increase in the child support without considering the father's financial ability to pay it. We agree this was error. See Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981), cert. denied, 402 So.2d 612 (Fla. 1981), and remand this cause for consideration of the evidence and the testimony on this issue. We would comment on the court's reasoning in this regard which was that any attention which might be given to any obligations on the father's part affecting his ability to pay would be "ridiculous." As the court reasoned, any father could deliberately render himself incapable of support by buying a Rolls Royce! Maybe so, but certainly the question of whether he contracted to pay for a Rolls Royce or contracted a dread and expensive disease, is hardly ridiculous and must be enquired upon by the trial court. This part of our holding does not seek to limit the trial judge from increasing the payments upon remand, if the father's testimony and evidence will permit it without an abuse of discretion.
The question of failure to permit evidence of the husband's ability to pay also appears to be pertinent to the mother's cross-appeal. The mother alleges that the trial court had no right to postpone the payment of the arrearages as it did here. She wants them now. In our view, if the husband has $2,677.44 readily available, she may be right. As it stands, we do not know whether the father has instant cash or not. However, we note that the method of paying arrearages is normally left to the sound discretion of the court. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Gottesman v. Gottesman, 220 So.2d 640 (Fla. 3d DCA 1969). Moreover, in the instant case, the arrearages were not occasioned by the father's sloth, but largely by an out-of-court agreement which the mother entered into of her own free will. We, therefore, remand this cause for further consideration of the husband's financial ability to pay the arrearages in a lump sum, but by no means seek to restrain the trial judge from arriving at the same result as *479 he did before as the circumstances may dictate.
We, thus, reverse and remand this cause for entry of an amended judgment fixing the arrearages at $2,677.44. We also remand it for consideration of how and when the arrearages must be paid and for further consideration of the father's ability to pay increased child support prospectively.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., concur.
NOTES
[1] The lump sum settlement also encompassed obligations accrued by the father for items other than prospective periodic child support, but the child support constitutes the gravamen of the present controversy.
[2] We are urged by the father to revisit the question of whether the parties can enter into a contract amending the method of child support set by the court. We decline to do so under the facts of this case, however, it might be that such an amendment could be enforced under certain circumstances. Suppose, for example, the husband substituted periodic monthly child support payments of $2,000 per month over five years, for a cash settlement in the sum of $200,000. We are also troubled by the obvious fact that under the terms of any original property settlement agreements, the parties frequently agree to the amount of child support and such agreements go unchallenged. Thus, if they can privately fix the amount in the beginning without case law concern for the child, why should any amendment be always unenforceable? In this connection, we would point to several cases which support waiver and permit the right to amend providing the best interests of the children are safeguarded. Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967); Schinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1976); Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960). See Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980).