449 So.2d 1295 (1984)
Catherine A. REECE, Appellant,
v.
William K. REECE, Jr., Appellee.
No. 83-1789.
District Court of Appeal of Florida, Fourth District.
April 11, 1984.
Rehearing Denied June 4, 1984.
William H. Stolberg of Shankweiler & Stolberg, Fort Lauderdale, for appellant.
John B. Di Chiara of Di Giulian & Di Chiara, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
The trial court, in a proceeding for dissolution of marriage, referred the matter of temporary support to a general master. Each of the parties filed a request for temporary support and a financial affidavit. After a hearing the general master made findings of fact and recommendations. Neither party filed exceptions. The trial court, without hearing, reduced the amount of child support from $700.00 per month, recommended by the general master, to $500.00 per month. The wife appeals.
Customarily a master makes findings of fact, draws conclusions from those findings based upon applicable law, and makes recommendations to the trial court.
The findings of fact and conclusions drawn therefrom may not be rejected by the trial court in the absence of clear error. To put it another way, the role of the trial court in reviewing the findings and determinations of the master are similar to those of the appellate court in reviewing a trial court's findings and determinations. Harmon v. Harmon, 40 So.2d 209 (Fla. 1949); Matos v. Matos, 421 So.2d 180 *1296 (Fla. 2d DCA 1982). This rule is subject to the observation that it is the trial judge "who under the law is charged with the duty and responsibility of making findings of facts and entering the final decree." U.S. Casualty Co. v. Md. Casualty Co., 55 So.2d 741, 744 (Fla. 1951). It is also recognized that the trial court may come to different legal conclusions than the master, based upon the master's findings of fact, without committing reversible error. Bergh v. Bergh, 127 So.2d 481 (Fla. 1st DCA), cert. denied, 133 So.2d 323 (Fla. 1961).
In this case there were no exceptions to the master's findings and the trial court did not have a transcript of the hearing before the master for guidance in evaluating the master's report. Our examination of the report discloses no basis for a determination that any of the master's findings, conclusions, or recommendations were clearly erroneous. Under the circumstances we conclude that the trial court abused his discretion in reducing the amount of child support. Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983).
Because we need not, we do not decide whether the trial court must provide a hearing before departing from the recommendations contained in a master's report. Rule 1.490(h), Florida Rules of Civil Procedure provides for the filing of exceptions to the master's report and requires a hearing where exceptions are filed. It would be anomalous if, in the absence of exceptions as here, the trial court could ex parte accomplish what, had an exception been filed, could only result after notice and hearing. It would be judicious for the trial court under such circumstances to permit the parties to be heard after reasonable notice where departure from the master's recommendations is contemplated.
We reverse the order of temporary support and remand to the trial court with instructions to enter an order based upon the recommendations of the general master.
REVERSED and REMANDED.
ANSTEAD, C.J., concurs.
LETTS, J., concurs specially.
LETTS, Judge, specially concurring:
I concur in conclusion only.