452 So.2d 999 (1984)
Robert R. WASKIN, Appellant,
v.
Gloria WASKIN, Appellee.
No. 84-371.
District Court of Appeal of Florida, Third District.
June 19, 1984.
Rehearing Denied July 30, 1984.
*1000 Schwartz, Klein, Steinhardt, Weiss & Weinstein, and Allen Sackrin, North Miami Beach, for appellant.
Bercuson, Cahan, Weksler & Lasky, and Bernard Weksler, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
The parties were divorced in 1976. Several years later, petitioner/ex-wife filed a motion for contempt, alleging that respondent/ex-husband had willfully disobeyed a court order for payment of alimony and support. Respondent claimed that he was unable to meet his support obligations because of heavy expenses incurred in defending himself against criminal charges. He was awaiting trial on a charge of conspiring to murder the petitioner.
At the contempt proceedings petitioner called respondent as an adverse witness and asked respondent whether he had in fact conspired to have her killed, thereby seeking to avoid the support obligation imposed by the court. Respondent refused to answer, asserting a fifth amendment privilege. Petitioner thereupon moved to strike all of respondent's testimony. The court granted the motion, refused to allow a proffer of respondent's additional testimony, and refused to continue the hearing. The court then adjudged respondent in contempt and sentenced him to thirty days in jail. He appeals.
Petitioner contends here that her inquiry was relevant to show that respondent voluntarily created the condition which hampered his ability to comply with the court's order. In a contempt proceeding for failure to comply with a support order, the party in default has the burden of proving both (1) that he is unable to comply with the court's order to pay, and (2) that his inability to pay is not due to his fault or neglect but instead to circumstances beyond his control. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869 (1948); Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939). In order to satisfy his burden in this case, respondent was required to dispel the inference that he was in willful noncompliance with the support order, by showing that he did not conspire to kill the petitioner.
In State v. Buchman, 361 So.2d 692, 695 (Fla. 1978), our supreme court opined that the right against self-incrimination "has never been held to be violated by the availability of a defense, the assertion of which requires that the silence be broken." Accord Williams v. Florida, 399 U.S. 78, 84, 90 S.Ct. 1893, 1897, 26 L.Ed.2d 446, 451 (1970) (that defendant faces a dilemma demanding a choice between complete silence and presenting a defense has never been *1001 thought an invasion of the privilege against self-incrimination). It was therefore not error for the trial court to strike the respondent's testimony inasmuch as the respondent had no right to have his testimony considered in support of his asserted defense herein and yet claim his fifth amendment privilege on a critical question concerning that defense. See Roberts v. Jardine, 358 So.2d 588, 589 (Fla. 2d DCA 1978).
We find no merit in the remaining contentions of the respondent. The contempt judgment and sentence under review are therefore
Affirmed.