*104 ON MOTION TO ENFORCE MANDATE
HURLEY, Judge.
In this post-mandate proceeding, the former wife complains that the trial court did not do enough — while the former husband decries that the trial court did too much— to enforce this court’s mandate. We reverse.
Our opinion, reported at 474 So.2d 401, held that the trial court erred (1) by failing to hold the former husband in contempt for refusing to pay child support; (2) by granting a modification of child support; (3) by approving an arrearage repayment schedule which postponed substantial repayment until after the child had reached majority; and (4) by declining to rule on the former wife’s contention regarding life insurance. Accordingly, we remanded the “case for further action consistent with this opinion.” Id. at 404. On remand, the trial court issued a writ of arrest and attachment for the former husband. In a subsequent order, the trial court explained, “This Writ was issued without the necessity of a Show Cause Order and without benefit of a hearing or prior notice to the [former husband] because the Court is of the opinion the Fourth District Court of Appeals, by their decision of August 21, 1985, left this Court no other alternative but to find the [former husband] guilty of contempt.”
In the same order, the trial court set an appearance bond of $11,000 and noted that the former husband “being found in willful contempt of a court order should be incarcerated in the Broward County Jail for a period of ninety (90) days or until he pays to his ex-wife ... the sum of eleven thousand two hundred and eight dollars and fifty-six cents ($11,208.56) plus inter-, est_” Also, the court ordered the former husband “to maintain his present monthly child support payments of $400.00.”[1] Now, by motion to enforce mandate, the former wife challenges this order, claiming that the provision establishing an appearance bond is in direct violation of this court’s mandate because it permits the former husband to continue to avoid his support obligation. We find fault with the trial court’s order for more fundamental reasons.
The record reflects that the trial court entered the enforcement orders in an effort to comply scrupulously with this court’s mandate. “No principle of appellate jurisdiction is more firmly established than the one which provides that a trial court utterly lacks the power to deviate from the terms of an appellate mandate.” Mendelson v. Mendelson, 341 So.2d 811, 813-14 (Fla.2d DCA 1977). Nonetheless, we are constrained to reverse because the trial court misperceived the requirements of our mandate.
Our opinion found that the trial court erred by failing to hold the former husband in contempt on November 28, 1983. The opinion, however, did not direct the trial court to summarily imprison the former husband without an evidentiary hearing to determine his present ability to purge himself of contempt. Furthermore, the opinion did not direct the trial court to require the former husband to repay the arrearage in one lump sum. To the contrary, the opinion states that “[t]he former husband should be required to make reasonable ar-rearage payments concurrent with his regular support payments.” Leone v. Weed, 474 So.2d 401, 404 (Fla. 4th DCA 1985). Thus, we are again compelled to reverse the trial court’s order and remand for further proceedings.
On remand, the former husband should be adjudged to be in civil contempt for his willful failure to fulfill his support obligations. However, the former husband is entitled to an evidentiary hearing pursuant to the dictates of Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), in order to permit him the opportunity to propose “alternatives [which] are appropriate to obtain com *105 pliance with the court order.” Id. at 1279. Finally, we direct the trial court’s attention to this court’s recent decision in Pasin v. Pasin, 480 So.2d 699 (Fla. 4th DCA 1985), concerning appropriate measures to enforce civil contempt.
Accordingly, the trial court’s order of October 23, 1985, is REVERSED.
HERSEY, C.J., and GLICKSTEIN, J., concur.

. The former wife has not challenged this figure. Our prior opinion, however, found that the trial court erred by granting a modification of child support. Thus, the correct figure would be $700 per month.