NESBITT, Judge.
Lorraine Georgia Stein appeals from the trial court’s order reducing Brian Harold Stein’s obligation to pay monthly child support for their two minor children from $175 to $85 per week. We reverse.
The parties’ property settlement agreement, which required Brian to make weekly child support payments of $175, was incorporated into the final judgment dissolving their marriage on September 7, 1984. At that time, he was employed as a salesman earning approximately $46,000 per year. According to evidence presented below, Brian subsequently acquired an apartment for which he pays monthly rent of $495, an expensive sports car, football season tickets, and an IRA account credited with the maximum allowable deposits.
On October 24, 1985, Brian lost his job. Although he soon obtained new employment, he filed this petition for modification of child support on November 18, 1985 pursuant to section 61.14, Florida Statutes (1985). After considering Brian’s plight, the court granted the reduction in child support, based on the general master’s recommendations.
The legal principles governing the granting of a petition for modification of child support are well stated in the oft-quoted passage from Burdack v. Burdock, 371 So.2d 528, 529 (Fla. 2d DCA 1979):
A fundamental prerequisite to modification of child support payments is a showing of substantial change of circumstances, including financial circumstances, of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This change in circumstances must be significant, material, involuntary and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). The party seeking modification has the burden of showing this change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978). And where, as here, the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required. Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973).
After reviewing the record, we find that there was no evidence presented to the general master to support the finding that Brian met this heavy burden and demonstrated that his changed circumstances were, in fact, permanent. The record shows that he secured similar commissioned employment, where he received advances against future commission, soon *198 after he lost his original job. He has not been forced to give up his life-style or withdraw funds from his IRA account. In addition, it is noteworthy that he filed for modification only three weeks after he lost his job; clearly not time enough to determine the permanence of his situation. Although we acknowledge that his actual income might have been uncertain, the burden of proving a substantial, permanent change in circumstances rested with Brian. Leone v. Weed, 474 So.2d 401, 404 (Fla. 4th DCA 1985); see Vanden Bosch v. Elkins, 419 So.2d 1127, 1128 (Fla. 3d DCA 1982). Any doubt or uncertainty, therefore, must be construed against him.
For the foregoing reasons, the order granting Brian’s petition for modification of his child support obligation is
Reversed.