503 So.2d 1365 (1987)
Michael Joseph ESSEX, Appellant,
v.
Margaret Elizabeth AYRES, Appellee.
No. 86-1396.
District Court of Appeal of Florida, Third District.
March 17, 1987.
*1366 Koltun & Greenberg and Dennis A. Koltun and Deanna Shifrin, Miami, for appellant.
Thomas J. McLaughlin, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
In the recent case of Bernstein v. Bernstein, 498 So.2d 1270, 1273 (Fla. 4th DCA 1986), the Fourth District Court of Appeal, sitting en banc, rejected the proposition, announced in a number of earlier cases, "that there is a heavier burden on one moving for a change in the amount of child support established by a settlement agreement than where the amount has been established by the trial court." We agree entirely with the Fourth District that parties who have agreed on the amount of child support should not be saddled with a heavier burden to modify the amount than parties who have had the amount determined by a court. But, unlike the Fourth District, we believe that merely equalizing the burden of parties seeking modification does not adequately solve the problem of remedying an agreement to support which is not, ab initio, in the best interests of the child or children. We conclude, therefore, that a party seeking a change in the amount of child support provided in an agreement which has not previously been reviewed and approved by a court should not be required to prove a substantial change in circumstances  that is, a change from the time the amount of child support was agreed upon to the time modification is sought  and need prove only (in addition to ability to pay) that the amount agreed upon between the parties is not in the best interests of the child.
In the case before us, a daughter was born out of wedlock to the parties in August 1982. Almost a year later, in July 1983, they entered into an agreement under which Essex, the father, would pay $200.00 a month child support (secured by a life insurance policy on the father) until the child reached her majority. The agreement further provided that there would be an increase of $50.00 a month in November 1983 when Essex was due to receive a raise in salary. When the father, having received his anticipated raise, failed to pay the additional $50.00 a month, the mother sued to enforce the agreement and to increase the amount provided. Ayres' complaint did not allege a change of circumstances, but did allege that the amount of child support called for by the agreement was inadequate to support the child. The trial court ordered payment of arrears and increased the child support payments to $350.00 a month. The father appeals, asserting that Ayres' failure to allege and prove a change in circumstances precluded the trial court from granting her relief.
We need not here repeat Bernstein's thorough unraveling of how the heavier burden rule, arguably appropriate to an agreement for alimony, was first inappropriately applied to an agreement for child support in Burdack v. Burdack, 371 So.2d 528 (Fla. 2d DCA 1979), and how, thereafter, the rule of Burdack, apparently considered sacrosanct by later litigants, became entrenched more solidly than its shaky foundation merited. See, e.g., Stein v. Stein, 496 So.2d 196 (Fla. 3d DCA 1986). What does bear repeating is the long-standing and far more fundamental rule that a parent may not by contract impair his or her obligation to support a minor child, Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA 1985); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980), and its corollary that only such contracts that are consistent with the best interests of the minor child will be enforced, Gammon v. Cobb, 335 So.2d 261, 266-67 (Fla. 1976); Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979); Sirkin v. Sirkin, 204 So.2d 13 (Fla. *1367 3d DCA 1967).[1] The vitality of this latter rule is quite obviously sapped when a parent who has, for whatever reason, agreed upon an inadequate amount of child support is charged with the burden, however slight, to establish not only the inadequacy of the amount, but, in addition, a change in circumstances from the time of the agreement. Where, however, the trial court has approved the parents' agreement, including its child support provision, then the court is presumed to have determined that the amount of child support agreed upon was, as of that moment, in the best interests of the child, and any later modification must be predicated upon a change of circumstances. In the present case, because the agreement between the parties was never scrutinized and approved by any court, and thus the adequacy vel non of the amount of child support was never determined, the only inquiries needed are those concerning adequacy and the father's ability to pay, and the question of a change of circumstances is simply irrelevant.[2]
Nothing contained in Section 61.14(1), Florida Statutes (1983), compels any contrary conclusion. To be sure, that statute authorizes modifications of agreements, including provisions respecting child support, where "the circumstances or the financial ability of either party has changed ... since the execution of such agreement... ." The statute's purpose is, however, to exempt agreements pertaining to support, maintenance and alimony from the general rule that gives permanent and binding effect to contracts, where circumstances have changed since the contract was entered into, or, otherwise stated, to make the potential for modification a part of all such contracts. Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). But a child support agreement which is not, ab initio, in the best interests of the child and has not been determined to be so by a court has no binding effect in the first instance, and no change of circumstances is required to change it.[3]
Accordingly, we affirm the award of increased child support payments as there is substantial evidence from which the trial court could have found that such an award was consistent with the best interests of the child and within the father's ability to pay.
Affirmed.
NOTES
[1] We acknowledge that our decision in the present case conflicts with Stein v. Stein, 496 So.2d 196, and other cases in which this court has followed Burdack's heavier burden rule, but we are bound by Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), to follow the holdings of the Supreme Court of Florida which we read to be inconsistent with Burdack.
[2] It cannot be seriously doubted, if, as is the case, "best interests of the child" is the polestar of child support, that this must be the law. Suppose, for example, a mother who could not afford to support the child agreed with the father that he need not support the child, or need contribute only some paltry amount, in exchange for other perceived benefits to the mother. We think all would agree that the mother could go into court before the ink was dry on the agreement, without the slightest change in circumstances, and obtain an adequate amount of support for the child despite the agreement.
[3] It can, therefore, accurately be said that that part of an agreement between parents which does not provide adequate child support for their child is not worth the paper it is written on. But if the child support provision was, in fact, "just another poker chip in the give-and-take of settlement negotiations," Bernstein v. Bernstein, 498 So.2d at 1273, then a successful motion to modify this provision based upon its original inadequacy might very well give rise to a counter-motion challenging the validity of the entire settlement agreement.