551 So.2d 1279 (1989)
Gary A. CONKLIN, Appellant,
v.
Valerie A.H. CONKLIN, Appellee.
No. 88-2867.
District Court of Appeal of Florida, Fourth District.
November 15, 1989.
George Glenn and Chester Clem of Chester Clem, P.A., Vero Beach, for appellant.
Joseph R. Boyd and William H. Branch of Boyd and Branch, P.A., and Chriss Walker, Tallahassee, for appellee.
PER CURIAM.
We affirm the trial court's denial of the husband's petition for modification of child support payments. Although the evidence showed that the husband had a substantial and involuntary decrease in income, the trial court determined that the husband had not made a reasonable effort to find employment commensurate with his abilities, and he had not shown that his reduction in pay was permanent. See Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985). This is a matter within the sound discretion of the trial court, and an appellate court will not substitute its judgment for that of the trial court unless the trial court is shown to have abused its discretion. Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975).
While the evidence may have been uncontradicted as to the factual issues, the trier *1280 of fact is not bound by the conclusions or inferences drawn by the witnesses but may give such testimony the weight he thinks it deserves. Bergh v. Bergh, 160 So.2d 145 (Fla. 1st DCA 1964). Thus, where the evidence showed that the appellant had made only a limited job search, had accepted a position out of the field in which he was trained at a substantially reduced salary, and had not obtained a secondary job or worked any overtime even though at the time of the dissolution he worked extensive overtime, the trial court did not abuse its discretion in finding that appellant had not carried the heavy burden of proof of showing a significant, involuntary, and permanent change in circumstances to warrant a modification of the agreement he entered into with his wife upon dissolution of their marriage. Leone at 404. In weighing the credibility of appellant and whether or not appellant had conducted a good faith job search to find employment equivalent to his former jobs, the trial court was undoubtedly influenced by the fact that when the separation agreement was entered into appellant had misrepresented his income to his wife by about fifty per cent and that even when his income was sufficient to meet his agreed child support obligations, he failed to do so.
GLICKSTEIN and WARNER, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
On the record before us, I believe the appellant is entitled to some reduction in the amount of child support payments he is making.