553 So.2d 393 (1989)
Elizabeth ALFREY, Appellant,
v.
Charles ALFREY, Appellee.
No. 88-1719.
District Court of Appeal of Florida, Fourth District.
December 13, 1989.
*394 Peggy Rowe-Linn of Rowe-Linn & Gersten, P.A., West Palm Beach, for appellant.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
GARRETT, Judge.
We grant appellee's "petition for rehearing and/or clarification" in part and substitute the following opinion.
The wife petitioned the trial court for modification of child support. The husband was paying $550 a month as child support. Under the dissolution settlement agreement he was also obligated to pay private preschool and summer camp costs, medical health, and life insurance expenses. The wife argued that in the four years since the agreement the cost of raising the now six year old child had increased by $1,000 a month. The husband stipulated he had the ability to pay the additional $1,000 a month and a greater ability than the wife to pay attorney fees as his net worth had at least doubled since the divorce. After the divorce the wife became a nail sculpturer. She now earns between $22,000 and $36,000 a year. The wife presented extensive evidence as to the increased costs of raising the child. The husband questioned the truthfulness of the child support figures listed on the wife's financial affidavit. The trial judge ordered the husband to pay an additional $100 a month in child support and $3,500 of the wife's attorney's $10,000 fee.
We reverse. When a husband stipulates that he can pay increased child support a court can assume that his earnings have substantially increased. Schottenstein v. Schottenstein, 384 So.2d 933, 935 (Fla. 3d DCA), review denied, 392 So.2d 1378 (Fla. 1980). Where the change in circumstances is no more than a substantial increase in the income of the husband, child support may nevertheless be increased. Meltzer v. Meltzer, 356 So.2d 1263, 1265 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979). The income of the wife also substantially increased since the divorce. A child is entitled to share the good fortune of both parents. Smith v. Smith, 474 So.2d 1212, 1213 (Fla. 1985), review denied, 486 So.2d 597 (Fla. 1986). The record reflects the child has shared the good fortune of the wife's increased income. We find the trial court abused its discretion in limiting the child's share of the husband's "doubled" good fortune to $1,200 a year.
Even when both parties have sufficient funds to pay a wife's legal fees, if the husband's ability to pay the fees is superior to that of the wife, the court may order the husband to pay all of the wife's attorney's fees. Heller v. Kuvin, 490 So.2d 245, 246 (Fla. 3d DCA 1986). Of course, the facts and circumstances of each *395 dissolution dictate who pays what; however, considering the husband at bar stipulated that his ability to pay attorney's fees exceeded the wife's ability by "five to one, ten to one," we find the trial court abused its discretion by ordering the husband to pay only a portion of the wife's attorney's fees.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GUNTHER, J., concurs.
DELL, J., concurs in part and dissents in part with opinion.
DELL, Judge, concurring in part and dissenting in part:
I agree with the majority's conclusion that the trial court abused its discretion when it awarded appellant half of her attorney's fees. On the other hand, I do not consider the evidence in this record sufficient to hold that the trial court abused its discretion when it increased the child support by only $100.00 per month.