PER CURIAM.
The parties hereto were divorced in September, 1984, after a twelve-year marriage. The final judgment incorporated their property settlement agreement that required, among other things, that the husband pay for private school education for the two minor children of the parties at a school, or schools, to be mutually agreed upon.
In March, 1987, the appellee husband filed a petition to modify the final judgment as to shared parental responsibility, which he later dismissed. However, the appellant answered the petition and counterclaimed for increased child support and sought to have appellee held in contempt for defaults in the payment of school tuition. The court entered an order, dated July 29, 1988, denying the wife’s petition for modification and contempt but ordering the appellee to pay appellant $4,200 in tuition and $5600 in fees and costs. Rehearing of said order was granted and an amended order was entered on August 30, 1988, ordering appellee to pay appellant $4,200 in tuition and $5,000 in fees and costs. A motion to rehear that order was granted and a further order was entered October 20, 1988, denying modification and the petition for contempt, but awarding appellant $8,100 for past due child support, plus $5,000 attorney’s fees and costs, and confirmed the other aspects of the previous order of August 30, 1988.
Appellant contends in her first point that the trial court erred in refusing to require the husband to pay all of the unpaid private school tuition that had accrued since the final judgment. She points out that, when she moved to Miami, she enrolled the children in private school without consulting her husband, but he paid the tuition. When the parties reconciled for eight months in 1984, the children were *144 enrolled in the Miami Country Day School. Appellee continued to pay the tuition without complaint. When the reconciliation failed, the appellee then began complaining about the failure to consult, although he admitted the tuition for the Miami Country Day School was reasonable. The trial court faulted the appellant for not consulting the appellee each year, but nevertheless required the appellee to pay reasonable amounts of tuition for each of those years, citing Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980). We are unable to say that conclusion was an abuse of discretion.
Secondly, appellant contends the trial court erred in finding her petition for ar-rearages included tuition for the semester, September 1984 to January 1985. Appellant claims that her application for contempt for arrearages, which led to the settlement, did not include that tuition period. However, upon examination of the record we conclude that it fails to demonstrate reversible error regarding this point.
The trial court denied appellant’s application for an increase in child support. The only evidence in the record to support that increase is the appellee’s increase in income since the final judgment. However, it does not appear that any evidence was adduced showing the children’s needs had increased. Thus, we find the trial judge did not abuse his discretion in denying modification.[1]
Appellant’s final point assigns as error the failure of the trial court to rule on the father’s obligation to pay tuition for the September, 1988, school year and the years thereafter. After once again adjudicating the amount of tuition that the appel-lee was required to pay appellant, albeit she did not consult with him prior to incurring said sums, the trial court specifically declined to adjudicate the amount due for September 1988 and 1989, which apparently the wife had prepaid. In view of the dates of the orders being reviewed, we are unable to conclude it was error not to determine this issue, which involved possible prospective problems. Should additional problems arise during those periods, they can be presented to the trial court by a new petition.
Appellee has conceded that his point five should be stricken and it is.
In view of the foregoing, we affirm the orders appealed from.
HERSEY, C.J., and DOWNEY, J„ concur.
WALDEN, J., dissents, with opinion.

. We have not overlooked our recent case of Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989), but find it distinguishable in several respects.