WARNER, Judge.
Appellant wife challenges the trial court’s order sustaining the appellee husband’s exceptions to the report of a general master with respect to the wife's petition for increased child support. The effect of the order was to deny her an increase in the amount of child support which had been recommended by the general master. We affirm.
*586 The wife petitioned for an increase in child support because of the increased needs of the minor children and the former husband’s substantial increase in income. At the hearing before the general master, it appeared that the husband had about a 25% increase in income (amounting to about $4,000 a month extra), but he testified without contradiction that because of his remarriage and his two subsequent children that he could not pay more in support without going further into debt. He testified that his short term debt approximated $50,000 currently. Although he made more money, it appears from the testimony that his life-style had not changed. For instance, he had only taken two trips within the past year. On one, his new wife did not even accompany him, and on the other his wife and only one child travelled with him. Regarding his automobile, the former husband testified that he had traded in his Jaguar for a Ford minivan.
Likewise, the wife offered no testimony that the children’s needs had increased or that they were not living a life-style commensurate with that they enjoyed during the parties marriage. Thus, the evidence reflected that the children are well provided for.
At the master’s hearing the wife argued that the master could recommend an increase in child support solely on the basis of the increase of the husband’s income, relying on Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA1989). Her reliance was misplaced.[1] While this court stated that “where the change in circumstances is no more than a substantial increase in the income of the husband, child support may nevertheless be increased,” in that case the husband stipulated that he had the financial ability to pay the additional monthly support requested. Id. at 394.[2]
The master’s order finds that the husband’s net income increased substantially, and on that basis she recommended a increase in the amount of child support. Upon exceptions being filed, the trial court sustained the exceptions of the husband that the findings of the master were contrary to the evidence and the law, bringing the parties here to resolve their disputes.
While the master’s report is clothed with a presumption of correctness as to its factual findings, the trial court may come to different legal conclusions than the master. Reece v. Reece, 449 So.2d 1295 (Fla. 4th DCA1984). Here, the finding of the master was that the husband had a substantial increase in net income. But that is not the test. The test is whether the circumstances or the financial ability of either party has changed since the rendition of the initial order, justifying an increase in support. See Bedell v. Bedell, 583 So.2d 1005 (Fla.1991). While the husband in this case had an increase in income, he also had increased expenses as a result of his remarriage and his two additional children. He testified that he has continually gone into debt to maintain both families. There was no evidence that his lifestyle had changed or that the children of his first marriage were not being as well supported as the children from the subsequent marriage. There was no testimony of unmet needs. Thus, the one and only factual finding of increased income was not legally sufficient to justify the recommendation of increased child support. See Castellano v. Castellano, 563 So.2d 142, 144 (Fla. 4th DCA1990). We therefore affirm the order of the trial court.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The wife’s attorney even objected to testimony as to the children’s needs on the grounds of relevancy because he was relying on Alfrey as the sole ground for the increased support.

. Metzler v. Metzler, 356 So.2d 1263 (Fla. 3d DCA1978), is similar. In that case as in Alfrey the husband stipulated that he had the increased financial ability to pay the requested support. Id. at 1264 n. 1.