HAZOURI, J.
 

 Pursuant to a marital settlement agreement incorporated into their divorce decree, the former husband, Rodney Lam-pert, agreed to pay the former wife, Elizabeth Lampert, child support in the amount of $2091.22 every month beginning in July 2007 and ending when their youngest child turned eighteen in July 2013. To provide for an equitable distribution of their assets, the former husband executed a promissory note in favor of the former wife in the amount of $392,000. In November 2007, the former husband stopped paying child support and making payments on the note, asserting he could not afford these payments. As an accommodation for the former husband’s claimed inability to pay, on April 1, 2008, the former wife entered into an Agreement for Satisfaction of Debt (the “Agreement”) with the former husband.
 

 The Agreement provided that: (1) as of the date of the Agreement, the former husband’s balance of child support was $140,111.72; (2) the former husband’s promissory note, which required monthly payments of $3,175.93 beginning July 1, 2007, for a ten-year term, had a balance due at time of Agreement of $365,231.85; (3) as a prepayment incentive, the former wife agreed to discount the balance due on the promissory note by twenty percent resulting in a new balance due of $292,185.48; (4) making the total balance
 
 *289
 
 due of $432,297.22. Pursuant to the Agreement the former wife agreed to accept a piece of real estate in Tennessee which the former husband owned and represented was worth $420,000 plus $12,297.22 in cash. The parties agreed that the former husband’s debt on the note and his obligation to pay child support would be completely satisfied and the former wife would have no right to demand payment of any child support. When the former wife was unable to sell the property and was in need of cash to provide for the children’s basic needs, the former wife asked the former husband to purchase the property back from the former wife for $250,000. He offered $175,000, which she accepted.
 

 Within a year, the former wife filed a motion for enforcement of child support asserting that the Agreement was not in the best interests of the children and had not been ratified by the court. A general magistrate held a hearing at which both parties testified. Thereafter, in her report, the general magistrate found that the Agreement was valid only as it pertained to equitable distribution and not to the child support issues, citing
 
 Essex v. Ayres,
 
 503 So.2d 1365 (Fla. 3d DCA 1987). She further found that the transfer of the property to the former wife to satisfy child support was not in the best interests of the children and was of no benefit to them. Therefore, the Agreement was void as to the child support issue and the transfer of the property did not apply to the child support owed. The general magistrate concluded that child support was due and owing from December 2007 through October 2009, which totaled $48,098.06. The former husband had paid only $12,297 for child support leaving an arrearage of $35,801.06, which the general magistrate found he still owed for child support.
 

 The former husband filed a Notice of Exceptions to the General Magistrate’s Report arguing that although parents cannot contract away a child’s right to support, the evidence established only that the former husband prepaid his child support obligation and that the general magistrate’s conclusion provided the former wife with a windfall. The former wife responded that the general magistrate enforced the original decree on child support and chose not to ratify the child support provisions in the Agreement. After a hearing, the trial court entered its order denying the exception's argued by the former husband, finding no abuse of discretion in the general magistrate’s finding that the Agreement was not in the best interests of the children, and ratifying the general magistrate’s report except as follows:
 

 However, it would be fundamentally unfair that the Wife, on behalf of the minor children, would get a $30,000 windfall, and the Court finds a problem with the Magistrate limiting the credit to the Former Husband to the $12,000 exclusively. Accordingly, the Court grants the Exception on the limited issue of the credit for the Husband as to this child support issue.
 

 The trial court then remanded the case to the general magistrate to revisit that issue, holding that the $12,000 was not correct or sufficient. The former wife filed this appeal arguing that the trial qourt abused its discretion in rejecting the general magistrate’s factual findings and ordering the general magistrate to reach new ones.
 

 In
 
 Anderson v. Anderson,
 
 736 So.2d 49 (Fla. 5th DCA 1999), the court held as to the trial court’s standard of review of a master or magistrate’s report:
 

 It is clear that if one objects to a master’s report, the trial court has an obligation not merely to consider the
 
 *290
 
 findings and recommendation of the master but also to review the entire file. But the review is not intended to permit the trial court to make its independent finding of facts or to reach its independent conclusion as to the legal effect of such facts. The review of the entire record is to ascertain whether the master’s finding is supported by competent evidence and to see if the master’s conclusions pass the
 
 Canakaris[
 

 1
 

 ]
 
 test.
 

 Id.
 
 at 50-51. In
 
 Reece v. Reece,
 
 449 So.2d 1295 (Fla. 4th DCA 1984), this court held:
 

 The findings of fact and conclusions drawn therefrom may not be rejected by the trial court in the absence of clear error. To put it another way, the role of the trial court in reviewing the findings and determinations of the master are similar to those of the appellate court in reviewing a trial court’s findings and determinations. This rule is subject to the observation that it is the trial judge “who under the law is charged with the duty and responsibility of making findings of facts and entering the final decree.” It is also recognized that the trial court may come to different legal conclusions than the master, based upon the master’s findings of fact, without committing reversible error.
 

 Id.
 
 at 1295-96 (citations omitted). Citing
 
 Reece,
 
 this court held that “[w]hile the master’s report is clothed with a presumption of correctness as to its factual findings, the trial court may come to different legal conclusions than the master.”
 
 Kersh v. Kersh,
 
 613 So.2d 585, 586 (Fla. 4th DCA 1993).
 

 In
 
 Essex,
 
 the case relied upon by the general magistrate, the Third District held: “What does bear repeating is the long-standing and far more fundamental rule that a parent máy not by contract impair his or her obligation to support a minor child, and its corollary that only such contracts that are consistent with the best interests of the minor child will be enforced.”
 
 Essex,
 
 503 So.2d at 1366 (citations omitted).
 

 In
 
 Shellmyer v. Shellmyer,
 
 418 So.2d 477 (Fla. 4th DCA 1982), after a judgment of dissolution ordered monthly child support payments by the father, the parents entered into an out-of-court lump sum settlement under which the father conveyed his equity interest in the former marital residence to the mother in lieu of past and future periodic child support. The mother returned to court, claiming that their agreement was forbidden “because the basic right of a minor child to support cannot be affected by an agreement between the parties.”
 
 Id.
 
 at 477. When the trial court ruled on the mother’s motion, it ordered that the father resume paying child support as well as his arrearages. However, the trial court did not give the father any credit for his interest in the marital residence which he had transferred to the mother. On appeal, this court held that the parties should be returned to the original status quo. The father was to resume paying child support from the date of its cessation, but he would get credit for the arrearages against the value of his equity interest in the marital home.
 

 The trial court properly ratified the general magistrate’s conclusion that the contract entered into by the former husband and former wife was against the children’s best interests and, therefore, was void as to the child support provision, leaving the equitable distribution settlement in effect. However, we disagree with the trial court’s determination that the credit awarded to the former husband was unfair and must be revisited by the general mag
 
 *291
 
 istrate to make new findings of fact. The general magistrate’s findings are supported by the record and she did not abuse her discretion in assessing the credit to be received by the former husband. We reverse and remand for ratification of the general magistrate’s report.
 

 Reversed and Remanded.
 

 POLEN and CIKLIN, JJ., concur.
 

 [1]
 

 .
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980).