GROSS, Judge.
We affirm the trial court’s order denying the former wife’s motion for contempt or for enforcement of the final judgment of dissolution. The trial court made two findings— that “the sale of the professional association was a stock transaction and ... not a sale of future income,” and that the sale of the medical practice (including the related management and service agreement) was not in violation of the provision of the marital settlement agreement that the former husband use his “best efforts to reasonably maximize his professional W-2 income until he reaches his fiftieth birthday.” We find, that there was substantial, competent evidence to support both determinations. Significantly, under the' marital settlement agreement, the former "wife accepted $100,000 for her share of the former husband’s medical practice and agreed that “[u]pon such payment ... [the former wife] shall have no claim or interest in said P.A. whatsoever as a result of marriage or for any other reason.”
We also affirm the denial of the former wife’s request for attorney’s fees under the principles enunciated in Rosen v. Rosen, 696 So.2d 697 (Fla.1997). The former wife receives $48,000 per year in child support and a minimum of $150,000 per year in alimony. When each child becomes emancipated, the $24,000 in child support allocable to that child converts to additional alimony. Her net worth is between $1,000,000 and $1,200,000, of which about $800,000 is attributable to investments. She received' the marital- home pursuant to the settlement agreement; it is worth over $400,000 and is not encumbered by a mortgage. In addition to alimony and child support, the former husband pays for health insurance for the former wife and the children; private school tuition, summer camp expenses, and transportation; all uncovered medical, dental, and orthodontic expenses for the children; a $1,500,000 life insurance policy naming the former wife as irrevocable beneficiary; and the children’s income taxes.
Considering the financial resources of the parties, the trial court did not abuse its discretion in refusing to award attorney’s fees, even though the former husband has greater assets and a sizeable income. No other “relevant circumstance” identified by Rosen compels us to override the trial court’s decision. 696 So.2d at 700; cf. Brody v. Poliakoff, 697 So.2d 933, 935 (Fla. 3d DCA 1997).
GLICKSTEIN and STEVENSON, JJ., concur.