709 So.2d 617 (1998)
Jack SATTER, Appellant,
v.
Nancy Bernard SATTER, Appellee.
No. 96-2651.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Certification Stricken May 28, 1998.
*618 Joel M. Weissman and Stephanie A. Russo of Weissman & Yaffa, P.A., West Palm Beach, for appellant.
Jeffrey D. Fisher of Fisher & Bendeck, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw the opinion originally filed in this case, and reverse the judgment awarding attorney's fees. It appearing that our decision today does not conflict with any prior decision of this court, we deny rehearing en banc.
The question presented by this appeal is whether a former spouse can be required under section 61.16[1] to reimburse the other former spouse for all or part of her attorney's fees incurred in post judgment proceedings where the recipient has demonstrated no need for such fees. The facts show that the net worth of each former spouse exceeds $1 million.[2] The fees awarded, $24,000, constitute 2/1000ths of the payor's net worth and 2/100ths of the recipient's. Thus illustrated, the nub of the problem is whether the statute was ever intended to operate where neither party has any real financial need for fees from the other party. Because we do not understand the statute to apply in this unique circumstance, we reverse the award of fees in this case.
In originally denying the former wife's motion for attorney's fees, the trial court stated:

"The court is unable to find that the Former Wife is in need for the purposes of paying these attorney's fees. However the law appears in cases like Alfrey to not really decide the matter on `need' but really on relative financial strain, so that if party A has ten times the wealth of party B, then A pays B's fees. The Alfrey case state that `of course' the facts and circumstances of each dissolution dictate who pays whatbut then based just on the relative wealth ratio finds that the judge must require the wealthier party to pay 100% of the other party's fees." [emphasis supplied]
Order of May 2, 1996.[3] Later when the trial judge changed his mind on rehearing, he explained:
"So I'm going to reverse the ruling and rule that for the reasons I stated. I don't think that its needed, but I really think that the legal test is not so much who needs it but the relative financial strain.

... I don't think anybody really needs to have their attorney's fees paid. I think that's clear. The test is who came in with the least strain.... Under that criterion as opposed to need I'm going to have Mr. Satter pay...." [emphasis supplied]
The trial court thereupon entered a final order fixing the amount and requiring appellant to pay part of appellee's fees.
As the claim to attorney's fees is based on a statute, we look to its text for entitlement. Section 61.16 provides that the court:
"may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees ... to the other party [for] maintaining or defending any proceeding under this chapter." [emphasis supplied]
Precisely what the operative term "financial resources of both parties" was intended to mean could have led to differing judicial constructions. For example, giving these words their ordinary meaning, one reasonable construction might have been that the relative financial resources would determine entitlement to feesi.e., if one party had greater financial resources than the other, the former could be required to pay the fees of the latter.
As it happened, however, the supreme court decided that the statutory term was intended to focus on "need"in other *619 words, the necessity for some financial assistance to engage an attorney and pay attorney feesand a corresponding ability to pay such fees by the other. Cummings v. Cummings, 330 So.2d 134, 136 (Fla.1976) (purpose of awarding attorney fees under new dissolution of marriage law not changed from purposes contemplated by predecessor statutes; purpose is to insure that both parties will have reasonably same ability to secure competent legal counsel); Canakaris v. Canakaris, 382 So.2d 1197,1204 (Fla.1980) (same); Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990) (case law implementing this statute requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation). To be sure, the court explained in Canakaris that "[i]t is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." 382 So.2d at 1205. But, as the court further stated in Quanstrom:
"A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party."
555 So.2d at 835. And more recently in Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the court added that:
"In other words, to ensure that both parties have similar access to competent legal counsel, the trial court must look to each spouse's need for suit money versus each spouse's respective ability to pay."
696 So.2d at 699.
In short, the supreme court cases make clear that financial need is the hidden notion in the statutory term "financial resources of both parties." Applying the supreme court's definitive construction of the statute, we therefore conclude that the party seeking to recover fees under section 61.16 must show some need for such relief. It is not enough as Judge Fine thought simply to show that the adverse party's ability to pay the fees is greater than that of the party seeking the relief.
Our decision in Alfrey is not in conflict. The opinion in that case does not reveal any affirmative finding by the trial court that the recipient had utterly no need for fees whatsoever. On the contrary, the trial court's partial award of fees in that case strongly suggests that the trial court had found that the former wife had shown a need to the extent of the fees allowed. If our opinion is capable of being read to imply that the award in that case was based, as here, purely on the relative financial strain of paying attorney's fees, we now make clear that any such implication was not the basis for our decision.
REVERSED.
STEVENSON and FARMER, JJ., concur.
SHAHOOD, J., dissents with opinion.
SHAHOOD, Judge, dissenting.
I would deny rehearing in this case. I agree with the majority that this court's opinion in Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989), is not in conflict with the facts of this case, but rather is controlling and requires this court to affirm the trial court. As this court held in Alfrey, "Even when both parties have sufficient funds to pay a wife's legal fees, if the husband's ability to pay the fee is superior to that of the wife, the court may order the husband to pay all of the wife's attorney's fees." Id. at 394 (emphasis added).
While the trial judge was unable to find "need" on the part of the wife, he appropriately found in favor of the wife based on "relative financial strain." In this case, the husband's net worth is at least $13 million, while the wife's is $1.1 million. Due to the vast disparity in net worth it was appropriate to place the emphasis not on need as the term has traditionally been understood, but on the husband's net worth compared to the wife's.
In addition, my interpretation of section 61.16, Florida Statutes and the cases decided pursuant to it, does not prohibit a trial court from ordering a party whose finances are far superior to those of the other spouse from paying that spouse's attorney's fees, as are the circumstances in this case. I cannot say *620 that the trial court abused its discretion in this case.
NOTES
[1] § 61.16, Fla. Stat. (1995).
[2] His net worth is at least $13 million, while hers is $1.1 million.
[3] The authority cited in the court's order is Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989).