719 So.2d 936 (1998)
David CARLSON, Appellant,
v.
Andree CARLSON, Appellee.
No. 97-3723.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Clarification Denied November 19, 1998.
Matthew S. Nugent, West Palm Beach, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Michael P. Walsh of Michael P. Walsh, P.A., West Palm Beach, for appellee.
PER CURIAM.
Former husband David Carlson challenges an order awarding former wife attorney's fees in proceedings involving the enforcement and interpretation of a settlement agreement. Carlson v. Carlson, 696 So.2d 1332 (Fla. 4th DCA 1997); Carlson v. Carlson, 671 So.2d 280 (Fla. 4th DCA 1996). We reverse the fee award.
In Rosen v. Rosen, 696 So.2d 697 (Fla. 1997) the supreme court explained that the financial resources of the parties are the primary factor to be considered when considering a fee award. The court also outlined other relevant factors including the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. None of these factors were the basis of any fee request below.
We find that this case is governed by our recent decision in Satter v. Satter, 709 So.2d 617 (Fla. 4th DCA 1998). In Satter, we considered whether a former spouse can be required under section 61.16 to reimburse the other for all or part of her attorney's fees incurred in post judgment proceedings where the recipient had demonstrated no need for fees. We held that "financial need is the hidden notion in the statutory term `financial resources of both parties.'" Id. at 619. We held further that the party seeking relief must show some need; it is not enough to simply show that the adverse party's ability to pay the fees is greater than the party seeking relief or that an award is based on the relative financial strain of paying attorney's fees. Id; See also Wertheim v. Wertheim, 711 So.2d 183, 184 (Fla. 4th DCA 1998).
The hearing before the special master in the present case focused on the parties' intent with regard to how former husband was to pay former wife $600,000 and whether he could do so with retirement funds that required a QDRO with its resulting tax implications. There was no testimony directed toward demonstrating former wife's need or former husband's ability to pay fees. Similarly there was no testimony with regard to Rosen's other relevant considerations.
Accordingly, we reverse the order granting and setting the amount of fees.
*937 GROSS and TAYLOR, JJ., concur.
STONE, C.J., dissents with opinion.
STONE, Chief Judge, dissenting.
I cannot say on this record, applying Rosen v. Rosen, 696 So.2d 697 (Fla.1997), that the award of fees constitutes an abuse of trial court discretion.