813 So.2d 181 (2002)
George ZAHRINGER, Appellant,
v.
Celia ZAHRINGER, Appellee.
No. 4D01-364.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
Rehearing Denied April 23, 2002.
*182 Martin L. Haines, III and Mark I. Frumkes of Martin L. Haines, III, Chartered, North Palm Beach, for appellant.
Jorge M. Cestero of Sasser, Cestero & Sasser, P.A., West Palm Beach, for appellee.
STONE, J.
George Zahringer (former husband) appeals a judgment awarding Lelia Zahringer (former wife) reimbursement for the former husband's share of certain educational and medical expenses incurred on behalf of the parties' children and ordering payment of the former wife's attorney's fees. We reverse the order directing payment of the attorney's fees; as to all other issues raised, we affirm.
Section 61.16, Florida Statutes (1999), provides for an order for payment of attorney's fees "after considering the financial resources of both parties." It is not enough for a party to demonstrate the adverse party's ability to pay; the party seeking payment of fees must also show a need. See Carlson v. Carlson, 719 So.2d 936 (Fla. 4th DCA 1998); Firestone v. Firestone, 704 So.2d 1146 (Fla. 4th DCA 1998); Worthington v. Harty, 677 So.2d 1371 (Fla. 4th DCA 1996).
The trial court record supports a finding that the former husband has the ability to pay the attorney's fees. However, no evidence of the former wife's need for reimbursement of fees was introduced here. In fact, the record indicates that she shares in the former husband's high income and that the original settlement agreement between the parties incorporated in the order of dissolution did not provide for his payment of her attorney's fees.
Accordingly, we reverse the order with respect to payment of attorney's fees and remand.
KLEIN and SHAHOOD, JJ., concur.