PER CURIAM.
 

 The question presented by this appeal is whether a former spouse can be required under section 61.16
 
 [1]
 
 to reimburse the other former spouse for 75% of her attorney’s fees where the recipient has demonstrated no need for reimbursement of such fees. Because the record reflects that the parties have the same approximate disposable income, we conclude that the trial court’s finding is not supported by the record.
 
 See Satter v. Satter,
 
 709 So.2d 617 (Fla. 4th DCA 1998). We are mindful of the narrow scope of our review for abuse of discretion; however, we are compelled to reverse the fee award because while the record may support an award for a slight percentage of fees in her favor, it clearly does not support an award of 75%.
 
 See Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997).
 

 We reverse and remand for recalculation the award of attorney’s fees and affirm the judgment in all other respects.
 

 Reversed.
 

 FARMER, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . § 61.16, Fla. Stat. (2009).