CIKLIN, J.
The former husband appeals an order denying his supplemental petition for modification of alimony. Because we are unable to determine if the trial court considered all applicable section 61.08(2) factors before concluding that the former husband’s alimony obligation should remain unchanged despite a substantial increase in the former wife’s earnings, we reverse and remand for further proceedings.
In 2003, the trial court entered an amended final judgment of dissolution of marriage, dissolving the parties’ nineteen-year marriage. In that judgment, the trial court found that the former husband’s gross earnings were $3180 per month and the former wife’s gross earnings were $1710 per month. The trial court also found that the parties’ marriage was a long-term marriage and that the standard of living established during the marriage was middle class. Based on these and other findings, the trial court awarded the former wife $400 per month in permanent periodic alimony.
In August 2010, the former husband filed a petition for modification of alimony in which he requested that the trial court end his alimony obligation to the former wife. According to the former husband, the substantial change in circumstances which warranted modification was that the former wife’s gross monthly income had increased from $1710 to $4187. The record includes a family law financial affidavit from the former husband in which he asserted that his current monthly income was $3418 per month. The former wife filed a family law financial affidavit claiming that her current gross monthly income (excluding the alimony payments) was $4867 per month.
In March 2011, the trial court entered an order denying the former husband’s *95 petition for modification. With regard to alimony, the trial court wrote, “The former wife has experienced a substantial increase in her earnings. However, there is insufficient evidence that her needs are met or have decreased.” The former husband now appeals the trial court’s order denying his petition for modification of alimony.
To warrant a modification of alimony, the party seeking the change must prove “1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature.” Damiano v. Damiano, 855 So.2d 708, 710 (Fla. 4th DCA 2003). In this case, it is not clear from the trial court’s order if the trial court found that the former husband had met his burden with regard to a substantial change in circumstances.
The trial court found that the “former wife has experienced a substantial increase in her earnings.” This finding is supported by the former wife’s own financial affidavit in which she claimed her current monthly gross income (excluding the alimony payment) was $4867 at the time of the modification hearing compared to a monthly gross income of $1710 at the time of final judgment of dissolution.
The trial court did not make any findings with regard to whether an increase in the former wife’s income of this magnitude was contemplated at the time of the final judgment. The final judgment of dissolution, however, indicates that an increase in the former wife’s income of this magnitude was found to be unlikely.[1] Additionally, no evidence was presented from which the trial court could conclude that the parties contemplated that the former wife would experience an income increase of this magnitude. Thus, a finding that the former wife’s substantial increase in her earnings was contemplated would not be supported by competent, substantial evidence. See Kamenski v. Kamenski, 15 So.3d 842, 843 (Fla. 2d DCA 2009) (finding that a receiving spouse’s income increase from $17,500 at the time of the final judgment to $41,000 at the time of the petition for modification was an unanticipated and substantial change in circumstances where “neither the evidence presented nor the final judgment itself established that the parties contemplated that [the former wife] would experience an income increase of that magnitude”).
The trial court also made no findings with regard to whether the former wife’s income increase was permanent in nature. The record, however, indicates that on December 23, 2009, the former wife submitted a financial affidavit stating that her gross monthly income was $4187, and that on March 14, 2011, she filed another financial affidavit showing a gross monthly income of $4867 (excluding alimony). “Since the condition had lasted over a year at the time of the final hearing, with no apparent end in sight, it should be deemed sufficiently permanent.” Woolf v. Woolf, 901 So.2d 905, 912 (Fla. 4th DCA 2005).
Once the former husband met his initial burden of proving that there was a substantial, permanent, and unanticipated change in circumstances, the trial court was required to consider the relevant section 61.08(2) factors to determine the appropriate amount of alimony, if any, that the former husband should still be obligated to pay. See Donoff v. Donoff, 940 So.2d 1221, 1223 (Fla. 4th DCA 2006) (holding that “all applicable section 61.08(2) factors *96 must be considered in modification proceedings under section 61.14.”).
We are unable to conclude based on the hearing transcript or the final order that the trial court considered the relevant factors; therefore, we are compelled to reverse the trial court’s denial of the former husband’s petition for modification of alimony, and remand for further proceedings. On remand, the trial court may take additional evidence if necessary, and it must consider all relevant section 61.08(2) factors in determining the appropriate amount, if any, of the former husband’s alimony obligation. See Donoff, 940 So.2d at 1228.
On remand, if the trial court determines that the former husband is still obligated to pay more than a nominal amount to the former wife, the trial court must also make “written findings of exceptional circumstances” to justify the award of alimony which leaves the former husband with “significantly less net income than the net income of’ the former wife.[2] See § 61.08(9), Fla. Stat. (2011) (“The award of alimony may not leave the payor with significantly less net income than the net income of the recipient unless there are written findings of exceptional circumstances.”).

Reversed and remanded for further proceedings consistent with this opinion.

STEVENSON and TAYLOR, JJ., concur.

. The amended final judgment reads in pertinent part: "There was testimony regarding the Wife’s wish for permanent placement and an increase in pay with Vision Research but there has [been] no offer made to the Wife for that position by the employer.”

. We note that what is now subsection nine of section 61.08 was added by the Florida Legislature in 2011. Ch. 2011-92, §§ 79-80, at 1704, Laws of Fla. Although the former husband filed his petition for modification of alimony in August 2010, before the amendment's effective date, "[t]he amendments to s. 61.08, Florida Statutes, made by this act are applicable to all cases pending on ... July 1, 2011.” See id. Thus, on remand, the amendment is applicable to this case.