# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-2066

———————————————

RENEE MARIE HOLLONBECK,
n/k/a Renee Marie Turley,
Former Wife,

      Appellant,

      v.

SEAN ANDREW HOLLONBECK,
Former Husband,

      Appellee.

———————————————

On appeal from the Circuit Court for Bay County.
Ana Garcia, Judge.

August 13, 2019

WINOKUR, J.

Renee Marie Hollonbeck challenges both the trial court's Final Judgment and Amended Final Judgment establishing a parenting plan, child support, time-sharing schedule, and other related relief. We find that the trial court did not consider or make any findings regarding her former husband's ability to pay attorney's fees and the former wife's need to have the fees paid. *See Fulmer v. Fulmer*, 961 So. 2d 1081, 1082 (Fla. 1st DCA 2007); *Perrin v. Perrin*, 795 So. 2d 1023, 1024 (Fla. 2d DCA 2001). We also find that the trial court failed to calculate pre-judgment interest for its award of retroactive child support. *See Herrero v. Pearce*, 571 So. 2d 96, 97 (Fla. 1st DCA 1990). Finally, we find

that the trial court abused its discretion when it ordered shared parental responsibility, but gave the former husband ultimate decision-making authority over the child. *See Neville v. McKibben*, 227 So. 3d 1270, 1272–73 (Fla. 1st DCA 2017); *Cranney v. Cranney*, 206 So. 3d 162, 164 (Fla. 2d DCA 2016). We reject the former wife's remaining claims.

As to the attorney's fees issue, the former husband correctly notes that a trial court is permitted to consider the parties' litigation conduct to limit an award of attorney's fees. *See Rosaler v. Rosaler*, 226 So. 3d at 911 (Fla. 4th DCA 2017). However, in determining whether and how much to award fees under section 61.16(1), Florida Statutes, "the financial resources of the parties are the primary factor to be considered." *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997). While "section 61.16 should be liberally—not restrictively—construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties," *id.,* which may result in no award of fees at all, a trial court must consider the "financial resources of both parties." § 61.16(1), Fla. Stat. The record reflects no such consideration.[*]

---

[*] The dissent argues that section 61.16(1) requires that a trial court need not consider both parties' respective financial resources if it decides *not* to award attorney fees. Florida courts, however, have concluded that a trial court must consider the parties' ability to pay and need for attorney's fees any time it *considers* whether to award fees, regardless of whether it actually decides to award such fees. *See Bauchman v. Bauchman*, 253 So. 3d 1143, 1148 (Fla. 4th DCA 2018) (finding that section 61.16(1) "requires the trial court to consider and evaluate each party's financial resources *in deciding whether*, and to what extent, to award attorney's fees"); *Perez v. Perez*, 100 So. 3d 769, 771 (Fla. 2d DCA 2012) (holding that pursuant to section 61.16(1), a trial court must consider both parties' financial resources "*in evaluating whether an award of fees is appropriate*") (emphasis added). In other words, courts have interpreted the word "may" in the statute to mean that the court *has the power to* award fees, but must consider need and ability in deciding upon such a request. *See Rosen*, 696 So. 2d at 700 (holding that section 61.16 "simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular

2

As to the issue of shared parental responsibility and ultimate decision-making authority, Florida law requires that trial courts award parents shared parental responsibility "unless the court finds that shared parental responsibility would be detrimental to the child." § 61.13(2)(c)2., Fla. Stat. Therefore, the trial court has two options at its disposal: 1) grant both parents shared parental responsibility and "grant to one party the ultimate responsibility over specific aspects of the child's welfare" or "divide those responsibilities between the parties based on the best interests of the child"; or 2) grant "sole parental responsibility for a minor child to one parent, with or without time-sharing with the other parent if it is in the best interests of the minor child." § 61.13(2)(c)2.a.-b., Fla. Stat.

Accordingly, we reverse and remand so that the trial court can 1) make the appropriate findings regarding both parties' ability to pay and need for attorney's fees; 2) calculate and impose pre-judgment interest on its award of retroactive child support; and 3) refashion its determination of parental responsibility and decision-making authority consistent with its findings and the law.

AFFIRMED in part, REVERSED in part, and REMANDED.

M.K. THOMAS, J., concurs; MAKAR, J., concurs in part and dissents in part with opinion.

---

case, award a reasonable attorney's fee after considering the financial resources of both parties"). We agree with the dissent that a trial court could find that a party's misconduct demonstrates that fees should not be awarded in spite of that party's need and the other party's ability to pay. But this is not what occurred here. The dissent argues that the court found that both parties were "overly litigious." If neither party were more at fault than the other, then there was no reason for the court to simply refuse the former wife's fee motion without considering financial circumstances.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

MAKAR, J., concurring in part, dissenting in part.

I concur as to the pre-judgment interest and parental
responsibility issues but view it as unnecessary for a trial judge
to go through the burden of determining the parties' respective
financial abilities to pay attorneys' fees when she's already
decided that *both* parties' conduct was overly litigious and
neither are deserving of fees.

The statute authorizing fee awards doesn't mandate an
award of fees; it only says that a

> court *may* from time to time, *after considering the*
> *financial resources of both parties*, *order a party to pay a*
> *reasonable amount for attorney's fees*, suit money, and
> the cost to the other party of maintaining or defending
> any proceeding under this chapter, including
> enforcement and modification proceedings and appeals.

§ 61.16, Fla. Stat. (2019) (emphasis added). If a court, in its
discretion, decides to award attorneys' fees it may do so only
"after considering the financial resources of both parties" as the
statute requires. An award of fees without performing this task is
error, but a denial of fees without performing this task is not.

For this reason, it makes sense for a trial judge to assess the
parties' respective financial resources, as occurred in *Rosaler v.*
*Rosaler*, 226 So. 3d 911, 913 (Fla. 4th DCA 2017), because an
award of partial fees was granted as "a result of Former Wife's
misconduct" in that proceeding. It seems a waste of effort,
however, to require a meaningless review of financial abilities in
cases, like this one, where no fees will be awarded due to *mutual*
litigation misconduct. In the lion's share of cases, fees are
awarded at least in part, making the statutory requirement a key

4

component of the process; most cases, however, won't involve mutual misconduct of such severity that it annuls both parties' claims to fees.

Notably, neither the statute's language nor caselaw supports the requirement, as the majority holds, that trial judges must always "consider the parties' ability to pay and need for attorneys' fees any time it *considers* whether to award fees regardless of whether it actually decides to award such fees." (Emphasis in original). At best, a loosely-phrased sentence in *Bauchman v. Bauchman*, 253 So. 3d 1143, 1148 (Fla. 4th DCA 2018), which was merely dicta, paraphrased the statute to say that a trial court must "evaluate each party's financial resources in deciding whether, and to what extent, to award attorney's fees." Read in context, the Fourth District was not imposing universally an unnecessary and burdensome evaluation of financial resources; no intent to do so is evident anywhere in the case. Moreover, *Bauchman* involved whether a fee award was justified where both parties had adequate resources and did not involve the issue of mutual misconduct. The same can be said for the paraphrastic sentence in *Perez v. Perez*, 100 So. 3d 769, 771 (Fla. 2d DCA 2012) (trial court must "consider 'the relative financial resources of the parties' in evaluating whether an award of fees is appropriate.").

Under the circumstances presented, it was not an abuse of discretion for the trial court to have foregone consideration of the parties' financial resources, where doing so was unnecessary and was not relevant to the determination of whether fees should be awarded in the first place.

_____

E. Jane Brehany of E. Jane Brehany, P.A., Pensacola, for Appellant.

Clay B. Adkinson of Adkinson Law Firm, LLC, DeFuniak Springs, for Appellee.