DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS NANGLE,**
Appellant,

v.

**MARY NANGLE,**
Appellee.

No. 4D19-31

[December 18, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael McNicholas, Judge; L.T. Case No. 432006DR000169.

Siobhan Helene Shea of Sheappeals PLLC, Palm Beach, for appellant.

Nicholas M. Gieseler and Steven Geoffrey Gieseler of Gieseler & Gieseler P.A., Stuart, for appellee.

MAY, J.

The former husband appeals an order denying his motion to modify or terminate alimony. He makes several arguments, including that the trial court erred in failing to consider and address the former husband's ability to pay and the former wife's need. We agree with him on this issue, and reverse and remand to the trial court for further proceedings consistent with this opinion.

The parties' marriage was dissolved in 2008. The former husband was 67 at the time; the former wife was 48. The former husband owned a 45 percent interest in a company he created during the marriage. He worked there and ultimately received redemption payments for his stock in the company.

The court determined the former husband's total gross and net monthly income. Due to unpaid taxes, the IRS garnished all but $2,917.84 of his net monthly income. The trial court found that during the parties' marriage, the former wife was primarily a homemaker and caregiver for the parties' children.

The court found the marriage to be long-term for which permanent alimony was appropriate. The former husband did not contest that finding. However, due to the IRS' garnishment, the former husband's monthly income did not provide him with the ability to pay.

The trial court entered the dissolution judgment, reserving jurisdiction to determine alimony after payment of the outstanding IRS debt. The court subsequently amended the final judgment to correct a scrivener's error, but again reserved jurisdiction to award alimony.

In 2009, the former wife moved to determine alimony. The court determined that the IRS debt had been satisfied; the former husband had the ability to pay, and the former wife was unemployed and in need of alimony. The court imputed a gross monthly income to her. The court then awarded permanent alimony of $2,000 per month. Neither party appealed the alimony award.

In 2017, the now 78-year-old former husband filed a supplemental petition for modification/termination of alimony. He argued there had been a substantial and uncontemplated change in circumstances since the entry of the alimony order. The substantial change was the cessation of monthly redemption payments from his company in April 2015.

The trial court held a hearing on the petition. The former husband retired in 2009 after the final dissolution judgment, but before alimony was determined. The day he retired, he entered into a redemption agreement in which the company agreed to pay him for his stock. Those payments allowed him to make alimony payments in accordance with the alimony award, but they had come to an end.

The former husband testified that now his only sources of income were his pension, social security, and a modest amount in monthly interest and dividends. After paying his expenses, he has a monthly deficit of $1,195.

The former wife, however, had increased her income. Her assets had increased, and her debt decreased. She testified however that she would be unable to meet her monthly expenses without the alimony payments.

The trial court noted that the prior alimony determination was based in part on the former husband's third amended financial affidavit. The court found the cessation of the redemption payments had been contemplated, and there was no competent substantial evidence that the former wife's financial position had substantially changed. The court

2

denied the former husband's petition.

The former husband now appeals.

We employ a mixed standard of review of an order modifying alimony. *Bauchman v. Bauchman*, 253 So. 3d 1143, 1146 (Fla. 4th DCA 2018). "The trial court's legal conclusions are reviewed de novo." *Id.* "The trial court's factual findings are reviewed for [an] abuse of discretion . . . ." *Id.*

To modify alimony, the movant must show: 1) a substantial change of circumstances; 2) that the change was not contemplated at the time of the final judgment; and 3) that the change is sufficient, material, involuntary, and permanent in nature. *Mendes v. Mendes*, 947 So. 2d 450, 452 (Fla. 4th DCA 2006).

The former husband claims the trial court did not originally contemplate the cessation of his redemption payments when it determined the permanent alimony award. He suggests the court's failure to discuss the temporary nature of those payments in the alimony award supports his argument. The former wife responds the trial court was "fully cognizant" of the former husband's age, retirement status, and redemption payments.

Reviewing the original trial court's alimony award, the successor court determined the original court took into consideration the former husband's third amended family law financial affidavit. On line 15, the former husband provided his redemption payments. The court found that because the affidavit listed these payments, the original court clearly considered the cessation of these payments when determining alimony. It reasoned that the original court must have understood installment payments were temporary in nature such that the cessation was contemplated. However, that is the trial court's supposition, not an articulated fact.

In modifying alimony, trial courts may make changes "as equity requires" and consider "changed circumstances or the financial ability of the parties . . . decreasing, increasing, or confirming the amount of . . . alimony provided in the agreement." § 61.14(1)(a), Fla. Stat. (2019).

A key factor in determining whether a modification is warranted is determining whether, after the final judgment is entered, the parties "financial abilities have changed." *Dogoda v. Dogoda*, 233 So. 3d 484, 487 (Fla. 2d DCA 2017). In deciding whether to modify alimony, "a court should consider the parties' income, payees' need for alimony, and the

payor's ability to pay." *Dunn v. Dunn*, 277 So. 3d 1081, 1085 (Fla. 5th DCA 2019).

A trial court cannot require a spouse to incur indebtedness to pay alimony. *Galligar v. Galligar*, 77 So. 3d 808, 811 (Fla. 1st DCA 2011). While a court may consider the spouses' assets in determining his or her ability to pay, it cannot require the spouse to deplete assets to make alimony payments. *Id.* at 812.

The hearing transcript on the former husband's petition for modification reveals that his monthly income had been significantly reduced since entry of the alimony award. His income now consisted only of his pension, social security benefits, and monthly interest and dividends. These amounts left him with a monthly deficit of $1,195.

Contrastingly, the former wife's financial status had improved. Her debt had significantly dwindled. She no longer paid a mortgage. Her total assets had increased. And, she was earning significantly more income than she had at the time alimony was established.

Given that the former husband's ability to pay had changed, the court needed to consider the former wife's need in determining if a modification of alimony was warranted. *Zeballos v. Zeballos*, 951 So. 2d 972, 974 (Fla. 4th DCA 2007).

Simply put, the court's order failed to address either the former husband's ability to pay or the changes in the former wife's financial status. It did not address the former husband's decreased income, assets, or monthly deficit. It did not address the former wife's increased income, increased assets, and decreased debt. In short, the order failed to address two requisite factors: need and ability to pay.[1]

We therefore reverse and remand the case to the trial court for further

---

[1] The former husband briefly argues that any alimony modification should be retroactive. "[I]t is within the trial court's discretion to determine whether to make the modification retroactive." *DeSantis v. Smith*, 634 So. 2d 796, 797 (Fla. 4th DCA 1994). Because the trial court failed to make the requisite findings of the former husband's ability to pay and the former wife's financial need, we cannot determine whether the court should have made any modification retroactive. On remand, the trial court may grant modification retroactively if there are reasons to justify such an award. *Wiesenfeld v. Wiesenfeld*, 95 So. 3d 959, 961 (Fla. 1st DCA 2012).

4

proceedings consistent with this opinion.

*Reversed and Remanded.*

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***