DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GWENDOLYN MONIQUE VALBY,**
Appellant,

v.

**JOHN CRAIG VALBY,**
Appellee.

No. 4D20-459

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2017-DR-001593-XXX-MB.

M. Shannon McLin and Melissa Alagna of Florida Appeals, Orlando, for appellant.

Michael Panella of the Panella Law Firm, Orlando, for appellee.

LEVINE, C.J.

In this post-dissolution of marriage case, the wife appeals an amended final judgment on modification, which reduced the duration and amount of her alimony award. We affirm the modification of the alimony award from permanent to durational based on a substantial change in circumstances due to the wife obtaining full-time employment. However, we find that the trial court erred in calculating the wife's need by excluding and reducing expenses listed on the wife's financial affidavit without any evidentiary basis or explanation. As such, we reverse and remand for reconsideration of the amount of the alimony award.

The parties divorced in 2010. Pursuant to a marital settlement agreement, which was incorporated into the final judgment of dissolution of marriage, the husband would pay the wife $3,900 a month in permanent alimony. The amount of the alimony would change based on the occurrence of certain events, including the sale of the marital home and the emancipation of the parties' two children. It was undisputed that the wife was not employed when the parties entered into the marital settlement agreement in 2009.

In 2017, the husband petitioned for modification and/or termination of alimony and other relief. The husband alleged several changed circumstances, including the wife obtaining full-time employment as a teacher earning a gross income of $4,237.54 a month ($50,850.48 a year). The husband requested that the court enter an order "[m]odifying, re-calculating and reducing and/or terminating" his alimony obligation retroactive to the date of the filing of the initial supplemental petition.

The case proceeded to trial. At the time of trial, both parties were fifty-two years old, and the children had emancipated. The wife resided in the marital home, which had never sold and was in foreclosure. The wife testified she had previously worked as a schoolteacher, but stopped working when her second child was born, approximately ten years before entry of the marital settlement agreement. During the marriage, the wife took courses to renew her teaching certificate every five years. The wife became employed as a full-time teacher in July 2012 for the 2012-2013 school year.

The parties disputed whether the wife's employment was contemplated at the time of the marital settlement agreement and final judgment. The wife relied on an email from her to the husband discussing uncovered medical expenses wherein she said that "it should be 70%/30% split for kids, non-covered medical, at least until I am working full-time." The wife also relied on provisions in the marital settlement agreement stating that the parties would split the cost of daycare and summer camp "as a result of the Wife's work schedule" and that the parties would pay the children's college tuition and expenses "consistent with their percentage of income earned at that time."

The husband admitted that the parties had talked about the wife going back to work after the divorce and that he knew it was a "possibility." But he pointed out that they had talked about the wife going back to work while they were still married, and it did not happen.

The trial court entered a final judgment of modification, finding permanent, material, and substantial changes in the circumstances of the parties since the entry of the final judgment in that the wife had substantially reduced needs and had obtained full-time employment. The trial court rejected the wife's contention that her employment was contemplated by the parties. The court noted that the wife did not obtain full-time employment as a teacher until more than two years after the final judgment was entered. The trial court agreed with the husband that the wife's needs were $1,110 a month.

The trial court ordered the husband to pay $1,110 a month in durational alimony for 101 months, retroactive to the original date of the husband's initial modification petition. The trial court determined that durational alimony was more appropriate than permanent alimony. After noting that the parties were married for fifteen-and-a-half years, the court explained that it was effectively awarding fifteen-and-a-half years of alimony. From this order, the wife appeals.

The standard of review of an order modifying alimony is mixed. *Bauchman v. Bauchman*, 253 So. 3d 1143, 1146 (Fla. 4th DCA 2018). "The trial court's legal conclusions are reviewed de novo." *Id.* "The trial court's factual findings are reviewed for abuse of discretion and should be affirmed if supported by competent, substantial evidence." *Id.*

*Modification of Duration*

Initially, the wife argues that the trial court could not modify her alimony from permanent to durational because durational alimony did not exist at the time of the original alimony award. In support, she relies on the session laws of the alimony statute which state that "amendments may not serve . . . as a basis to change amounts or duration of awards existing before July 1, 2010." 2010 Fla. Sess. Law Serv. Ch. 2010-199 § 2. However, the amendment to the statute was not the basis for changing the duration of the alimony award. Rather, the alimony award was modified based on a substantial change in circumstances, as permitted by statute. §§ 61.08(7), (8), 61.14(1)(a), Fla. Stat. (2017).

Additionally, the fact that durational alimony did not exist at the time of the final judgment is irrelevant. The trial court did not modify alimony retroactive to the date of the final judgment but rather to the date of the filing of the original supplemental petition for modification of alimony. Durational alimony did exist at the time of the original supplemental petition for modification.

The wife next argues that section 61.14, Florida Statutes, provides the court with jurisdiction only to modify the amount of alimony and does not allow the court to modify the type of alimony originally awarded. Contrary to the wife's contention, section 61.14 "empowers a court to change the nature of an award" and modify the duration. *Walker v. Walker*, 80 So. 3d 1128, 1128 (Fla. 4th DCA 2012). Additionally, in *Rosen v. Rosen*, 696 So. 2d 697, 702 (Fla. 1997), the supreme court stated that "a trial judge has the authority to alter alimony from permanent to rehabilitative based, in part, on the same employability evidence that was presented in the initial

dissolution proceeding, together with other changed circumstances." It follows then that a trial court has authority to alter alimony from permanent to durational.

The wife also suggests that the trial court awarded the husband relief not requested. The wife overlooks that the husband's petition requested that the court enter an order "[m]odifying, re-calculating and reducing and/or terminating" his alimony obligation. By awarding durational alimony, the trial court awarded relief within the scope of the husband's request.

### *Modification of Amount*

The wife contends that the trial court erred in entering a downward modification of alimony where the husband did not meet his burden to establish a substantial, unforeseen change in circumstances.

"When modification of an existing order of support is sought, the proof required to modify a settlement agreement and the proof required to modify an award established by court order shall be the same." § 61.14(7), Fla. Stat. (2017). "To warrant a modification of alimony, the party seeking the change must prove '1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature.'" *Koski v. Koski*, 98 So. 3d 93, 95 (Fla. 4th DCA 2012) (quoting *Damiano v. Damiano*, 855 So. 2d 708, 710 (Fla. 4th DCA 2003)). A court may modify an award of alimony "as equity requires" where "the circumstances or the financial ability of either party changes." § 61.14(1)(a), Fla. Stat. (2017). "Consistent with notions of equity is the consideration of whether the parties contemplated the substantial change in circumstances and accounted for such change when they agreed on the terms of the support award." *Bauchman*, 253 So. 3d at 1147 (citation omitted).

A spouse's obtainment of employment can serve as a basis for downward modification of alimony where it was not contemplated and considered at the time of the marital settlement agreement or final judgment. *See Stewart v. Rich*, 664 So. 2d 1145 (Fla. 4th DCA 1995) (affirming reduction in alimony where wife earned law degree and became a member of the Florida Bar); *Ludacer v. Ludacer*, 211 So. 2d 64, 65 (Fla. 2d DCA 1968) (affirming reduction in alimony where wife, who had been unemployed at the time of final judgment, become a full-time teacher).

> While a spouse receiving alimony should not be penalized for bettering herself or himself, neither should a spouse who

agrees to an amount of permanent alimony based on his good faith assumption that the other spouse is genuinely unemployable based on her past patterns be penalized when the facts underlying the assumption change.

*Stewart*, 664 So. 2d at 1148.

Competent substantial evidence supports the trial court's determination that the wife's return to full-time employment as a teacher was not contemplated at the time of the marital settlement agreement and final judgment. It was undisputed that the wife was not employed when the parties entered into the marital settlement agreement. The wife had not worked since the second child was born, which was approximately ten years before entry of the marital settlement agreement. Additionally, the wife did not return to work as a full-time teacher until nearly three years after the marital settlement agreement. Further, the marital settlement agreement was devoid of any language requiring the wife to obtain full-time employment as a teacher. *See Judy v. Judy*, 291 So. 3d 651, 654 (Fla. 2d DCA 2020) (finding that the marital settlement agreement did not contemplate the wife seeking employment where it was "devoid of any language requiring her to obtain employment and/or support herself"); *cf. Golson v. Golson*, 207 So. 3d 321, 325 (Fla. 5th DCA 2016) (finding parties intended wife would return to work as a teacher based on language in parties' addendum, which was incorporated into the final judgment). Although the wife points to evidence and testimony which she claims demonstrate that the parties contemplated her return to work, "[t]he trial court, as trier of fact, resolved inconsistencies in testimony concerning . . . the intent of the parties," and "[t]here was substantial competent evidence on which to base the finding . . . ." *Stewart*, 664 So. 2d at 1147-48.

Finally, the wife claims that the trial court erred in calculating her need by omitting from its calculation reasonable and necessary expenses. Although on appeal the wife challenges the trial court's failure to take various expenses into account, we consider only those expenses the wife preserved through argument at trial and in her motion for rehearing. *Fine v. Fine*, 308 So. 3d 172, 173 (Fla. 4th DCA 2020). The preserved expenses include the exclusion of $400 per month for electricity; $140 a month for cable TV; $30 a month for automobile repairs and tags; $400 a month for medical, dental, and prescriptions; $80,000 in debt accumulated "as a result of this proceeding"; and the reduction of "food and home supplies" for the wife and the adult children from $1,200 to $700 a month where the parties had agreed to share the children's college tuition and expenses.

We find the trial court did not err in excluding $80,000 in debt the wife accumulated "as a result of this proceeding." Attorney's fees and costs are recoverable separately from alimony.

With respect to the remaining expenses, the wife is correct that the trial court erred in excluding or reducing the expenses listed on her financial affidavit without any evidentiary basis or explanation. "While the trial court is entitled to reject the representations made in Appellant's financial affidavit, we cannot review or give effect to that rejection without adequate factual findings." *Winney v. Winney*, 979 So. 2d 396, 401 (Fla. 1st DCA 2008); *see also Cheek v. Hesik*, 73 So. 3d 340, 345 (Fla. 1st DCA 2011) ("Although a trial court is free to reject even unrebutted testimony, there must be some evidentiary basis for its findings."); *Florida Bar v. Clement*, 662 So. 2d 690, 696 (Fla. 1995) ("[A] fact-finder should not arbitrarily reject unrebutted testimony.") (emphasis omitted).

"The trial court failed to identify the expenses that it determined were inflated and did not explain the amount of reduction that was apparently made in the recalculation of the Wife's asserted need. The trial court's failure to make a finding as to the Wife's actual need requires reversal for reconsideration of the alimony award." *Beck v. Beck*, 852 So. 2d 934, 937 (Fla. 2d DCA 2003); *see also Dorworth v. Dorworth*, 176 So. 3d 336, 339 (Fla. 5th DCA 2015) (remanding for recalculation of alimony where it was not clear why the trial court excluded certain expenses).

As such, we reverse the trial court's determination of the amount of the alimony award and remand for the trial court to reconsider alimony taking into consideration electricity, cable TV, automobile repairs and tags, medical/dental/prescriptions, and food and home supplies.

*Affirmed in part, reversed in part, and remanded for reconsideration of the alimony award.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**