DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM GRAYDUS,**
Appellant,

v.

**SANDRA GRAYDUS,**
Appellee.

Nos. 4D2023-1213 and 4D2024-0415

[June 11, 2025]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 43-2022-DR-000568.

Lydia A. Worden of Beaulieu-Fawcett | Newell Law Group, P.A., Delray Beach, for appellant.

Karen L. Johnson of Karen L. Johnson, P.A., Stuart, for appellee.

CONNER, J.

In this consolidated appeal, appellant ("Husband") appeals the amended final judgment dissolving his marriage to appellee ("Wife"). Husband raised nine issues on appeal. We affirm the trial court's rulings on seven issues without discussion. We find merit in Husband's arguments on two issues. Wife's attorney's fees award was not supported by competent, substantial evidence and the trial court did not make sufficient findings of fact. In addition, the trial court's amended final judgment did not comport with the court's oral pronouncement regarding equitable distribution of a marital liability. We therefore affirm in part, reverse in part, and remand with instructions.

The parties entered into a premarital agreement. While the dissolution of marriage proceeding was pending, the parties reached a mediated partial settlement agreement. At the final hearing, the trial court made oral pronouncements regarding equitable distribution and determined Wife was entitled to attorney's fees. Subsequently, the trial court entered an amended final judgment which included Wife's attorney's fees award. As part of equitable distribution, the amended final judgment also

determined Husband was entitled to reimbursement for a utility bill which he had paid, provided Husband gave Wife the receipt for the paid utility bill by a certain date.

*Wife's Attorney's Fees Award*

Husband argues the wife's attorney's fees award was not supported by competent, substantial evidence as to Husband's ability to pay and Wife's need. We agree that no competent, substantial evidence was shown of Wife's need, and reverse on that basis alone.[1]

The standard of review for an attorney's fees award in dissolution of marriage cases is abuse of discretion. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010). The "argument that there was simply no competent, substantial evidence to support the award may be raised for the first time on appeal." *Diwakar v. Montecito Palm Beach Condo. Ass'n*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014) (citing Fla. R. Civ. P. 1.530(e)).

"Any determination regarding an appropriate award of attorney's fees in proceedings for dissolution of marriage . . . begins with section 61.16, [Florida Statutes]." *Rorrer v. Orban*, 215 So. 3d 148, 149 (Fla. 3d DCA 2017) (quoting *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997)). In awarding fees under section 61.16, a trial court must consider the requesting spouse's need and the other spouse's ability to pay. *Rosen*, 696 So. 2d at 699. As we have explained, "[t]he party seeking relief must show some need; it is not enough to simply show that the adverse party's ability to pay the fees is greater than the party seeking relief or that an award is based on the relative financial strain of paying attorney's fees." *Bauchman v. Bauchman*, 253 So. 3d 1143, 1148 (Fla. 4th DCA 2018) (quoting *Carlson v. Carlson*, 719 So. 2d 936, 936 (Fla. 4th DCA 1998)). Accordingly, "[i]f one party has no financial need for fees, the other party cannot be compelled to pay them solely because his or her sizeable assets minimize the financial strain of such a payment." *Id.* at 1148–49 (quoting *Von Baillou v. Von Baillou*, 959 So. 2d 821, 823 (Fla. 4th DCA 2007)).

---

[1] Wife's answer brief does not address any of Husband's arguments for reversal of the attorney's fees award. Husband's arguments challenging Wife's fee award also included a due process argument, as well as the impropriety of the award as a sanction. Because we resolve the attorney's fees award on the lack of proof of Wife's need for an award, we choose not to address Husband's other arguments. We note we find nothing in the record to support a conclusion that Wife was awarded attorney's fees as a sanction.

Husband argues Wife failed to provide evidence establishing her need for an attorney's fees award. Wife did not testify to her financial need for attorney's fees, but testified she had retained counsel to represent her in the proceedings and was required to pay her attorney. Additionally, in awarding Wife attorney's fees, the trial court did not find Wife had a financial need for attorney's fees but merely concluded "there's entitlement to [attorney's] fees." Even if the entitlement finding implicitly included a determination Wife needed an attorney's fees award, the trial court made no factual findings supporting Wife's need.

As we determined in *Bauchman*, "[a]bsent any factual findings supporting former wife's need for attorney's fees, we can only conclude that the trial court committed error." 253 So. 3d at 1149 (citation omitted); *see also Office v. Office*, 287 So. 3d 630 (Fla. 4th DCA 2020) ("The trial court's order awarding fees simply stated that Former Wife was entitled to fees . . . . However, it is not apparent from the record that Former Wife had a need for fees."); *Bohner v. Bohner*, 997 So. 2d 454, 457 (Fla. 4th DCA 2008) (reversing wife's attorney's fees award where "the trial court did not make any factual findings concerning the former wife's need and did not state any reason why the former husband should be responsible for her attorney's fees" and the evidence did not support a finding of need).

Here, neither the amended final judgment nor the trial court's oral pronouncements at the final hearing provide factual findings regarding Wife's need for the fees. More importantly, no evidence was admitted at the final hearing to establish Wife's need. The trial court took judicial notice of the court file, which included Wife's financial affidavit. Wife's financial affidavit showed she had a better ability to pay attorney's fees than Husband. According to Wife's financial affidavit, Wife's net monthly income is almost three times greater than Husband's net monthly income. In terms of total assets available to pay attorney's fees, Wife's financial affidavit shows she has several hundred thousand dollars of assets more than Husband. Therefore, like in *Bauchman*, nothing in the record demonstrates Wife could not afford to pay her own attorney's fees.

Having determined the trial court abused its discretion in awarding Wife attorney's fees, we reverse the award. *See Bauchman*, 253 So. 3d at 1149; *Office*, 287 So. 3d at 630; *Bohner*, 997 So. 2d at 457.

*Husband's Utility Bill Reimbursement*

Husband argues the final judgment's imposition of a deadline for him to submit the utility bill payment's receipt to Wife, as a condition for

reimbursement, is error because the ruling does not comport with the trial court's oral rulings at the final hearing's conclusion.

The final hearing transcript shows the trial court ordered Wife to reimburse Husband for his payment of a utility bill upon Husband providing her with the receipt of payment. However, the trial court did not orally announce a deadline for Husband to submit the receipt to Wife. Thus, the amended final judgment imposing a specific date as a deadline for Husband to submit the receipt to Wife, as a condition for Husband's reimbursement, conflicts with the final hearing oral pronouncement.

Wife's answer brief states the parties had reached a stipulation for the payment of the utility bill, thus Wife declined to present any argument on the issue. Husband's reply brief denies the matter has been settled.

"When there is conflict between the oral pronouncement and the written judgment, the oral pronouncement must control." *Karkhoff v. Robilotta*, 309 So. 3d 229, 234 (Fla. 4th DCA 2020) (citation omitted). Thus, we determine the insertion of the deadline for Husband to provide Wife with a receipt showing payment the utility bill was error.

*Conclusion*

Having determined the trial court erred in entering a final judgment awarding Wife attorney's fees and inserting a deadline for Husband to submit a receipt to Wife showing he had paid a utility bill as a condition for reimbursement, we reverse Wife's award of attorney's fees and remand for the trial court to enter an amended final judgment striking the attorney's fees award and striking the deadline for Husband to submit the receipt to Wife.

*Affirmed in part, reversed in part, and remanded.*

GROSS and MAY, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4