DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEREMY OFFICE,**
Appellant,

v.

**SHERRY OFFICE,**
Appellee.

Nos. 4D18-2910 & 4D19-497

[January 8, 2020]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502016DR008500XXXXSBFY.

Amy D. Shield and Roger Levine of Shield & Levine P.A., Boca Raton, for appellant.

Jonathan S. Root and Christopher A. Tiso of Jonathan S. Root, P.A., Boca Raton, for appellee.

PER CURIAM.

Jeremy Office ("Former Husband") appeals the trial court's order granting Sherry Office's ("Former Wife's") motion to enforce the parties' final judgment of dissolution and premarital settlement agreement. Former Husband also appeals the trial court's subsequent order awarding Former Wife attorney's fees for the enforcement proceeding. We affirm the trial court's order granting Former Wife's motion to enforce without further comment. However, we reverse the order awarding fees and remand for the trial court to indicate the basis for the award.

The trial court's order awarding fees simply stated that Former Wife was entitled to fees and cited to *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997), and *Bitterman v. Bitterman*, 714 So. 2d 356 (Fla. 1998), to support that assertion. However, it is not apparent from the record that Former Wife had a need for fees. *See Zahringer v. Zahringer*, 813 So. 2d 181, 182 (Fla. 4th DCA 2002) (citing to section 61.16, Florida Statutes (1999)). Although the trial court's citation to *Bitterman* indicates that it may have awarded Former Wife fees under the inequitable conduct doctrine, the order does

not list the specific factual findings necessary to conclude that Former Husband engaged in inequitable conduct. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002). Therefore, we reverse the order and remand this matter back to the trial court to make the necessary factual findings to support either a ruling that Former Wife has a need for fees or that Former Husband's conduct justified the imposition of fees under the "inequitable conduct doctrine." *See Bitterman,* 714 So. 2d at 365.

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN, GERBER and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***